**PORTER, Price Administrator, v. KAPPIE MOTORS, Inc.**

District Court, S. D. New York.

Feb. 6, 1947.

Barney Rosenstein, of New York City, for plaintiff.

Adolph G. Kraus, of New York City, for defendant.

JAMES ALGER FEE, District Judge.

Some attorney for the Price Administrator has instituted this action in his name against the defendant for treble damages in an amount now reduced to $6180.39. The gist of the complaint is this: Although the defendant was approved as a dealer of secondhand cars before August 1, 1945, some time in July the Office of Price Administration had issued a regulation cancelling all licenses as of the latter date unless steps were taken to have the same renewed. The defendant did not have his license renewed until August 23, 1945, and therefore, it is claimed, he is liable for the difference between the price which he could charge as an unlicensed dealer and the price which a duly licensed dealer could charge. The attempt is to recover three times this amount. Under the regulation, the licensed dealer was able to sell at prices which compensated for the dealer's warranty, whereas the unlicensed dealer could

only sell at base price and could not warrant the car, nor charge for a warranty.

Defendant testified that he had no notice of this regulation and did not know that his license was cancelled until August . 9th. Inasmuch as he had been previously qualified to sell cars both at base and warranty prices, he had continued to do so until this time. He thereupon immediately made application for the granting of a new license. The Office of Price Administration did not grant this new license until August 23rd. There is an indication that this delay was wilful upon the part of the agents. No further inspection of the premises of defendant was required before the license was renewed. No change in the premises or in the working methods of the repair shop operated by defendant was required as a condition precedent to the renewal. The situation, conditions and methods of defendant were exactly the same before August 23rd, and after that date.

In any event, between the 1st and the 23rd, the defendant sold at warranty prices set up in the regulations, several cars. There is no claim that he sold any car at a price which was not authorized by regulation, if the license had issued to him on August 1st.

This course of action is arbitrary and oppressive. If proper sanctions were required to compel defendant to apply for a renewal of his license, the purpose has been subserved. To mulct defendant in heavy damages besides, where there was no actual injury, is wrong. The court is of opinion that it was not the intention of Congress to permit a suit to be brought upon this basis. The mere fact that the Office of Price Administration says on their order that it was effective the 23rd of August does not prevent it from relating back in view of the circumstances of this case. The permission and license given upon August 23rd renewed and extended the previous license as of August 1st, and therefore there was no sale in violation of any regulation.

Further, the court finds that there were no deliveries of any of the cars until after August 23rd. Therefore, from the testimony, the court concludes that the con-

tracts which were entered into by defendant and his customers were contracts to sell and not sales. The sales thus were not consummated until defendant had a license. Under these circumstances the defendant did not even violate the technical regulation.

The cause is, therefore, dismissed.